IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDITH M. MAY,

                    Plaintiff,                    OPINION AND ORDER

v.

                                                  22-cv-129-wmc

FATAH HASSAN, HEALTH SERVICES UNIT,
HSU MANAGER RADCLIFF, HSU ASST.
MANAGER WALKER, INSURANCE COMPANIES
(JOHN/JANE DOE), HSU R.N.'S ON DUTY (JOHN/
JANE DOE), TAYCHEEDAH CORRECTIONAL
INSTITUTION STAFF ON DUTY (JOHN/JANE DOE),
WARDEN SARAH COOPER and DEPARTMENT OF
CORRECTIONS,

                    Defendants.

*Pro se* plaintiff Edith May, who currently is incarcerated at the Wisconsin Resource Center ("WRC"), filed this lawsuit under 42 U.S.C. § 1983, for events that occurred when she previously was incarcerated at Taycheedah Correctional Institution ("Taycheedah"). May claims that several officials working at Taycheedah ignored her need for medical attention for a sore on her chin, in violation of her Eighth Amendment rights. May's complaint is ready for screening as required by 28 U.S.C. §§ 1915(e)(2), 1915A. After review, the court concludes that plaintiff's allegations are insufficient to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8. Therefore, the court is dismissing May's complaint without prejudice, but giving her the opportunity to amend his complaint that corrects the deficiencies identified below.

ALLEGATIONS OF FACT[1]

Plaintiff Edith May names the following individual defendants, all of whom were working at Taycheedah during the relevant time: Correctional Officer Fatah Hassan, Health Services Unit ("HSU") Manager Radcliff, HSU Assistant Manager Walker, John and Jane Doe HSU Registered Nurses, John and Jane Doe Taycheedah staff and Warden Sarah Cooper. May also names as defendants the insurance companies of the individual defendants and the Wisconsin Department of Corrections ("DOC").

On August 8, 2020, May asked defendant Hassan for medical attention multiple times between 6:00 a.m. and 2:00 p.m., raising concerns about a sore on her chin that was starting to get infected. Hassan allegedly forgot to ask the HSU to see her, and then later told her to fill out an HSU request to be seen. At some point, Hassan did call the HSU for May, but no one answered the call. May does not allege that she submitted an HSU request, and instead she states that she tried to heal the sore herself and it became infected.

On August 17, May asked to be seen for her chin sore, and she met with two nurses, who told her that she had impetigo, which was contagious. May claims that she was shunned because of the infection, and that she got depressed. May does not include any allegations related to how the infection was treated.

OPINION

Plaintiff seeks to proceed against all defendants on Eighth Amendment claims.

---

[1] In addressing a *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inference in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, plaintiff's allegations as do not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Here, plaintiff's allegations are insufficient to support a plausible claim against any of the proposed defendants.

To state an Eighth Amendment claim related to medical health care, a plaintiff must allege facts supporting an inference that the treatment she received demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Important here, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted).

For purposes of screening, plaintiff's description of the sore on her chin may suggest that this sore, which appears to have developed into a painful infection and impetigo, presented a serious medical condition. However, plaintiff's allegations as to the individual defendants' involvement in her medical care are too vague to support an inference of deliberate indifference. The only named defendant who was in a position to provide plaintiff medical attention before the sore became infected was Officer Hassan, but

3

plaintiff's description of their interactions does not suggest deliberate indifference. Plaintiff claims that she asked Hassan to reach out to the HSU on her behalf, and that he initially did not help her, but he later unsuccessfully reached out to the HSU and then directed her to submit a request to be seen directly to the HSU. Plaintiff has not alleged that the sore on her chin was so severe at that point that it should have been obvious to Hassan that she needed immediate medical attention. In fact, her allegations suggest that the infection did not develop for more than a week after their August 8 interaction. Moreover, plaintiff has not alleged that she followed Hassan's directive to submit a request to the HSU to be seen and Hassan somehow prevented her from submitting that request or otherwise stood in the way of any continued efforts to receive medical attention for the chin sore after their first interaction. Without any facts suggesting that Hassan had reason to believe that plaintiff's sore worsened and that she needed prompt medical attention, plaintiff's allegations do not support an inference of deliberate indifference by Hassan.

As for the remaining individual defendants, plaintiff has not alleged that she had *any* interactions with any correctional or HSU staff between August 8 and 17, when her chin sore was worsening and she was attempting to treat it on her own. Therefore, the court sees no reasonable basis to infer deliberate indifference by any other Taycheedah official for failing to treat her sore. Likewise, plaintiff has not included any allegations challenging the treatment she received for impetigo once she was diagnosed on August 17. And, at least as currently pled, it appears that plaintiff was seen shortly after she requested medical attention that day. Therefore, absent good faith allegations that any other official

4

or health care provider became aware of, and ignored, plaintiff's worsening sore, all remaining defendants are subject to dismissal as well.

Although it appears that this complaint is subject to dismissal, consistent with circuit practice, the court will dismiss May's complaint without prejudice and give her a brief window of time to file an amended complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). May should draft her proposed amended complaint as if she is telling a story to someone who knows nothing about her situation, paying particular attention to the exact nature of her symptoms when she interacted with the defendants, and how each proposed defendant responded.

However, in preparing her amended complaint, plaintiff should not name the insurance companies, Warden Cooper or the DOC as defendants. Plaintiff need not include the insurance companies of the defendants because the State of Wisconsin indemnifies its employees for damages resulting from acts of its employees. *See* Wis. Stat. § 895.46. Moreover, it does not appear that plaintiff has any basis to proceed against Warden Cooper because Cooper was not involved in or aware of her sore. If plaintiff named Cooper as a defendant due to this defendant's position as warden, that supervisory position is not a basis for liability under § 1983. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role of others). In fairness, supervisory defendants may be liable under the Eighth Amendment if the supervisor "directed the conduct causing the constitutional violation, or . . . it occurred with [his] knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001). However, plaintiff has not alleged that Cooper had *any*

awareness or involvement in responding to plaintiff's request for medical attention, nor that Cooper somehow directed or caused the claimed mishandling of her medical care. Therefore, absent good faith allegations to the contrary, plaintiff should omit this defendant from her amended complaint. Finally, plaintiff should exclude the DOC as a defendant because the department is not a person subject to suit under § 1983. *Andreola v. Wisconsin*, 171 F. App'x 514, 515 (7th Cir. 2006) ("Neither the State of Wisconsin nor the State's Department of Corrections is a proper defendant," because neither is a person for purposes of § 1983) (citing *Lapides v. Univ. Sys. of Georgia*, 535 U.S. 613, 617-18 (2000); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

If plaintiff submits a proposed amended complaint by the deadline set forth below, the court will screen it under §§ 1915(e)(2), 1915A.

ORDER

IT IS ORDERED that:

1. Plaintiff Edith May's complaint is DISMISSED without prejudice, for failure to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff has until **July 18, 2022,** to file an amended complaint that states a claim upon which relief can be granted. **Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 27th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge